UNITED STATES v. CAPITOL MEATS,
Inc., et al.

No. 40782.

District Court, E. D. New York.

July 12, 1946.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (M. Z. Bungard, of Brooklyn, N. Y., of counsel), for plaintiff.

Bannigan & Zirin, of New York City, for defendants.

BYERS, District Judge.

Motion by defendants, who have been convicted of the charge of selling meat at wholesale in violation of ceiling prices promulgated by the Office of Price Administration, for leave to file in the Emergency Court of Appeals a complaint against the Administrator, and for an appropriate stay of execution of the sentences imposed May 29, 1946.

The motion was timely filed within Section 204(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 924(e).

The statute provides that within thirty days after arraignment in any criminal proceeding "and within five days after judgment in any civil or criminal proceeding, brought pursuant to section 205 * * *" where the charges involve alleged violation of any provision of any regulation or order duly issued or of any price schedule, the defendant may apply "to the court in which the proceeding is pending for leave to file in the Emergency Court of Appeals a complaint against the Administrator setting forth objections to the validity of any provision which the defendant is alleged to have violated." The statute requires that such leave be granted if the court finds that the application "is made in good faith and with respect to which it finds there is reasonable and substantial excuse for the defendant's failure to present such objection in a protest filed in accordance with section 203(a)."

The affidavit in support of this motion fails to meet the requirements of the applicable statute, which was approved June 30, 1944. The price regulations which the defendants have been found guilty of violating are MPR 169 and MPR 398; the former controls the wholesale prices of beef and veal, and the latter establishes the maximum wholesale prices for variety meats and edible by-products.

MPR 169 was revised and reissued December 10, 1942; MPR 398 was effective June 1, 1943.

The Information herein was filed October 17, 1945, and on October 22nd the defendants were arraigned and entered pleas of not guilty. The case was called for trial on May 9, 1946, and duly proceeded to judgment.

Thus at any time between October 23, 1945, and November 23, 1945, or thereafter for better than five months, for good cause shown, the present application could have been made, but apparently the defendants preferred to take their chances before a jury.

■ The delay in making the motion is scarcely consistent with a belief in its being appropriate. Whenever made, it is required to be tested for good faith, and also there must appear a reasonable and substantial excuse for failure to seek relief by way of protest to the Administrator and the board of review, according to Section 203(a) of the Act, Title 50 U.S.C.A. Appendix, § 923(a).

The defendants' affidavit presents no convincing reason to explain the course which they have followed.

It is first asserted that, unless they are permitted to test the validity of the regulations involved, before the tribunal clothed with the exclusive power to adjudicate that issue, they will be denied due process of law. That assertion would be plausible if a showing were made of compliance with Section 203 of the statute and the futility of that procedure in any factual sense.

It is next urged that, if this motion be not granted, the defendants will lose the possibility of a dismissal of the criminal proceeding within the contemplation of said section of the statute.

I confess that the argument is plausible at first glance. It is possible that the appeal which the defendants have taken from the judgment of conviction will go against them upon the theory that the trial court could not inquire into the validity of the regulations upon which the prosecution was based, and that the verdict of the jury was not impaired by any judicial error; and it is also possible that, had the defendants availed themselves of their rights under Sections 203 and 204 of the Act, the very regulations which they are shown to have violated would have been so altered or recast as to have averted the penalties now extant but held in suspense as an incident of the appeal.

That exposes the weakness of the defendants' position. They have chosen to ignore such sanctuary as the statute afforded while the matter lay wholly in administrative hands, and that course of conduct scarcely rises to the level of the showing required by the language above quoted, to justify the intervention of the court in the present state of the record, if the purpose of the legislation is understood. See Dowling Bros. Distilling Co. v. United States, 153 F.2d 353, at page 357 et seq.

Argument is next made to demonstrate why the Emergency Court of Appeals would probably accord to the defendants the relief which now they seek.

The difficulty is, that the more substantial their objection to the regulations in question, the less their reason for failing to seek relief under Section 203 of the Act, and if need be, to thereafter proceed under Section 204(a). Even if there was no control of the live cattle market pursuant to the 1942 statute—for reasons which are not too obscure—the Price Administrator cannot be criticised for having taken the statute as he found it, and having done his best to demonstrate the legislative purpose; the more inept his effort became, as the defendants allege, the more pressing was the reason for seeking redress within administrative channels until all such efforts proved to be of no avail. Such a showing would perhaps commend itself to the court when called upon to exercise the delicate function of determining that cause has been shown to justify the review by the Emergency Court of Appeals of a regulation which has the sanction of the Administrator and perhaps his board of review, in spite of the failure of the persons most affected to pursue a straight course to that court, by following appropriate procedure set forth in Section 204(a) of the Act.

Motion denied. Settle order.